UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 12-026(6)JRT/JSM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR DETENTION** |
| | ) | |
| v. | ) | |
| | ) | |
| 6. WILLIAM EARL MORRIS, | ) | |
| a/k/a ODIE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on February 3, 2012, for a hearing on the Government's Motion for Detention, pursuant to 18 U.S.C. § 3142(f). In making that Motion, the Government invoked the rebuttable presumption contained in 18 U.S.C. § 3142(e),[1] as the Indictment charges Defendant, and others, with Conspiracy to Participate in Racketeering Activity, in violation of 18 U.S.C. § 1962(d), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846 (Count One). Similarly, the Indictment charges Defendant, and others, with Conspiracy to Use and Carry Firearms During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(o) & 924(c) (Count Two).

---

[1] 18 U.S.C. § 3142(e) provides that there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure" against flight or danger where probable cause supports a finding that the person seeking bail committed certain types of offenses, including an "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(e)(3)(A), or "an offense under [18 U.S.C. §] 924(c)," 18 U.S.C. § 3142(e)(3)(B). "An indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the presumptions set forth in § 3142(e)." United States v. English, 629 F.3d 311, 319 (2d Cir. 2011)(quotation omitted).

At the hearing, Defendant was present and represented by Thomas Shiah, Esq. The Government was represented by Andrew Winter, Assistant United States Attorney. Before the hearing, pre-trial services interviewed Defendant and issued a report detailing Defendant's extensive criminal history. That report also recommended detention, finding that Defendant presented a risk of non-appearance and a danger to the community.

Defendant is currently in custody on state charges. Defendant waived his right to a hearing and did not contest detention.

FINDINGS OF FACT

1.    Defendant is charged by Indictment with Conspiracy to Participate in Racketeering Activity, as well as Conspiracy to Use and Carry Firearms During and in Relation to a Crime of Violence. The Indictment details various predicate offenses supporting the conspiracy charges, including numerous instances of crimes of violence, including witness intimidation, and controlled substance offenses.  These charges carry a maximum penalty of life in prison.

2.    Defendant has an extensive criminal history dating back to 2004, including convictions for terroristic threats, burglary in the third degree (on two occasions), and assault in the second degree.

3.    Defendant has no significant employment history.

4.    Defendant has some community ties.

CONCLUSIONS OF LAW

1.     Based on the record before the Court, the Court concludes that Defendant failed to rebut the presumption contained in 18 U.S.C. § 3142(e).   There are no conditions or combination of conditions that will reasonably assure the Defendant's appearance at future proceedings and the safety of any other person and the community.

For the foregoing reasons,

IT IS HEREBY ORDERED that:

1.     Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Defendant is required to appear for further proceedings;

2.     Pursuant to 18 U.S.C. § 3142(e), the Government's Motion for Detention of Defendant without bond is GRANTED;

3.     Defendant is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4.     Defendant shall be afforded reasonable opportunity to consult privately with his lawyers; and

5.   Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.


Dated: February 7, 2012

                                    *S/Tony N. Leung*
                                    TONY N. LEUNG
                                    United States Magistrate Judge