UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILLIAM EARL MORRIS,<br><br>Petitioner. | Criminal No. 12-26(6) (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE** |

      Andrew S. Dunne, Andrew R. Winter, Charles J. Kovats, Jr., Michael L. Cheever, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent;

      Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401; Thomas H. Shiah, **LAW OFFICES OF THOMAS H. SHIAH, LTD**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for petitioner.

      Plaintiff William Earl Morris filed a Motion to Vacate his conviction and modify his sentence under 28 U.S.C. § 2255. A jury found Morris guilty of four counts, including the count at issue in this motion, Use and Carrying of Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). Morris argues that his sentence should be vacated pursuant to *United States v. Davis*, 138 S. Ct. 2319 (2019), in which the Supreme Court found Section 924(c)(3)(B)'s definition of "crime of violence" to be

unconstitutionally vague. Because the Court finds that Morris's predicate offenses fall under the "force clause" of the definition of "crimes of violence", rather than the residual clause, the Court will deny Morris's Motion to Vacate.

## BACKGROUND

In January 2012, a grand jury indicted Morris and other individuals for multiple crimes related to their involvement in the Native Mob, a Minnesota gang. (Indict., Jan. 19, 2012, Docket No. 18.) Morris was specifically charged with:

- Conspiracy to Participate in Racketeering Activity, 18 U.S.C. § 1961 *et seq.* (Count 1)
- Conspiracy to Use and Carry Firearms During and in Relation to a Crime of Violence, 18 U.S.C. § 924(o) (Count 2)
- Attempted Murder in Aid of Racketeering, 18 U.S.C. §§ 2, 1959(a)(5) (Count 3)
- Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. §§ 2, 1959(a)(3) (Count 4)
- Use and Carrying of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 2, 924(c)(1)(A) (Count 5)
- Armed Career Criminal in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(e)(1) (Count 6)

(Redact. Supersed. Indict., Mar. 19, 2013, Docket No. 1096.) The superseding indictment used Counts 3 and 4 as predicate offenses for the charge in Count 5. (*Id*. at 38.) On March 19, 2013, after a six-week trial, the jury acquitted Morris on Counts 1 and 2, and convicted him on Counts 3–6. (Jury Verdict, Mar. 19, 2013, Docket No. 1102.) The jury found that both attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering (Counts 3 and 4, respectively) were predicate offenses for Morris's

conviction on Count 5.  (*Id.* at 4–5.)  The Court sentenced Morris to serve 380 months, including 240 month concurrent sentences for Counts 3, 4, and 6 and a 140 month consecutive sentence for Count 5.[1]

In June 2019, the Supreme Court held in *United States v. Davis* that the "residual" clause definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  139 S. Ct. 2319, 2336 (2019).  On June 23, 2020, Morris brought a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that the predicate offenses for Count 5, Counts 3 and 4, no longer qualify as "crimes of violence" after *Davis* and, as a result, that his conviction for Count 5 should be vacated.  The Court finds to the contrary, that the predicate offenses for Count 5 qualify as "crimes of violence" and thus *Davis* provides no relief.

**DISCUSSION**

**I.     STANDARD OF REVIEW**

Section 2255 provides a limited opportunity for federal prisoners to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

[1] At Morris's original sentencing, the Court imposed a 420-month sentence, which included a 360-month term for his felon-in-possession offense under the Armed Career Criminal Act "ACCA" (Count 6).  *United States v. Morris*, 918 F.3d 595, 597 (8th Cir. 2019).  On appeal, the Eighth Circuit Court of Appeals found that Morris's third-degree burglary convictions did not constitute violent felonies under the ACCA and vacated the original sentence.  *United States v. McArthur*, 850 F.3d 925, 940 (8th Cir. 2017).

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Section 2255 motions are constrained by a one-year statute of limitations, which, as relevant here, begins to run on the date on which a new recognized right is initially recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3).

## II.   ANALYSIS

Morris argues that his conviction under Count 5 for Use and Carrying of a Firearm During and in Relation to a Crime of Violence should be vacated because the predicate crimes can no longer be considered "crimes of violence" pursuant to the Supreme Court's holding in *Davis*. A defendant is guilty of violating § 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a crime of violence as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense,"

18 U.S.C. § 924(c)(3)(B).  In *Davis*, the Supreme Court found that the "residual clause" in § 924(c)(3)(B) is unconstitutionally vague in light of its holdings in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 576 U.S. 591 (2015).

Accordingly, to be considered a predicate offense, a "crime of violence" must fall under the "force clause" of § 924(c)(3)(A) and not the "residual clause of  § 924(c)(3)(B). To determine whether an offense is a crime of violence under the "force clause" in § 924(c)(3)(A), the Court applies a categorical approach, which entails considering the elements of the offense and examining whether they necessarily require the use, attempted use, or threatened use of physical force, *United States v. Ross*, 969 F.3d 829, 837 (8th Cir. 2020).

To secure a conviction for Counts 3 and 4, the United States had to prove the elements of the substantive offenses, which are established in Minnesota state law.  A defendant may be found guilty of attempted murder if he: 1) acts with intent; 2) and premeditation; 3) to cause the death of a human being; and 4) takes a substantial step toward, and more than preparation for, the commission of the crime.  Minn. Stat. §§ 609.17; 609.185.  To prove assault with a dangerous weapon, the United States had to demonstrate that: a) defendant used a dangerous weapon; b) to commit an assault. Minn. Stat. § 609.222, subd. 1.[2]  Because each of these crimes include the use, attempted

---

[2] Section 1959 establishes the elements for the "aid of racketeering" portion of the offenses: 1) there must be an enterprise; 2) that is engaged in racketeering activity; 3) that is engaged in, or the activities of which affect, interstate or foreign commerce; and 4) the defendant, for the

use, or threatened use of physical force, both Counts 3 and 4 qualify as "crimes of violence" under the "force clause," § 924(c)(3)(A).[3]

To the extent that Morris contests his convictions on the basis of aider and abettor liability, these arguments are unavailing. The Court in *Davis* does not address the question of aider and abettor liability for crimes that fall squarely within the force clause, but the Eighth Circuit is clear that an aider or abettor is treated no differently than a principal under § 924(c)(3)(A) . *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019).[4]

Further, the Court finds that the mere presence of the word "conspires" in Minnesota's aider and abettor statute (Minn. Stat. § 609.05) does not convert aider and abettor liability to conspiracy liability. As noted in the concurrence in *United States v. Gammell*, "[c]onspiracy and aiding and abetting are not coterminous," and "the statute's use of the word 'conspires' to describe a potential method of aiding and abetting, on its

---

purpose of gaining entrance to or maintaining or increasing position in the enterprise; 5) commits, attempts, or conspires to commit murder or assault with a dangerous weapon (among other crimes). 18 U.S.C. § 1959. As discussed above, the use of the word 'conspires' in this section does not impact the United States' burden to prove the substantive elements of attempted murder and assault with a dangerous weapon, which foreclose liability based solely on conspiracy without actual use, attempted use, or threatened use of force.

[3] *See also United States v. Castleman*, 572 U.S. 157, 170–71 (2014) ("the knowing or intentional application of force is a "use" of force. . . [t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."); *McCoy v. United States*, 960 F.3d 487, 490 (8th Cir. 2020) (finding that even causing injury through "indirect means such as poison constitutes a use of force."); *United States v. Rice*, 813 F. 3d 704, 706 (8th Cir. 2016) (same).

[4] The Eighth Circuit has similarly held that aider and abettor liability is applicable in the ACCA context. *United States v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019) ("for the purposes of applying the ACCA, it matters not whether Gammell was convicted as a principal or aider or abettor; it matters only whether the substantive offense qualifies as a violent felony.").

own," does not "conflate[] conspiracy liability, for which Minnesota has a separate statute, with aiding and abetting liability." 932 F.3d 1175, 1184 (8th Cir. 2019) (Kobes, J. concurring) (citing *Nye & Nissen v. United States*, 336 U.S. 613, 620 (1949); Minn. Stat. § 609.175). "In proscribing aiding and abetting, Congress used language that 'comprehends all assistance rendered by words, acts, encouragement, support, or presence,' even if that aid relates to only one (or some) of a crime's phases or elements." *Rosemond v. United States*, 572 U.S. 65, 73 (2014) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993). The Court, accordingly, does not find that the word "conspires" in § 1959 or the Minnesota statute expanded the elements of the crimes beyond the force requirements of § 924(c)(3)(A), nor did it convert aider and abettor liability to a substantive conspiracy offense.

Because *Davis* does not provide Morris the relief that he seeks, his claim fails on the merits and the Court need not address the parties' procedural arguments.

### III.    CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of any federal constitutional right." *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000); *see also* 28 U.S.C. § 2253(c)(2). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000).  The Court finds it unlikely that another court would decide the issues raised in Morris's Motion differently and that the issues are not debatable or deserving of further proceedings.  The Court therefore concludes that Morris has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate [Docket No. 2014] is **DENIED**.  The Court does **NOT** certify for appeal the issues raised in Defendant's Motion under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 2, 2021　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge